An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LUIS ARNOLDO LOPEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64360

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In his petition filed on May 30, 2013, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23864

regarding the decision to enter a guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

First, appellant claimed that his trial counsel was ineffective for promising him probation. Appellant claimed that he does not speak English well and his counsel took advantage of the language barrier in advising appellant to accept the plea negotiations. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. The written guilty plea agreement, which appellant acknowledged was read to him in Spanish, contained no promise of probation and appellant affirmatively acknowledged that sentencing was left to the discretion of the district court and no promises not contained in the plea agreement had been made. The written guilty plea agreement further informed him of the potential consequences of the plea. Appellant was personally canvassed by the district court and informed sentencing decisions were left to the district court's discretion. Therefore, we conclude that the district court did not err in denying this claim.

Second, appellant claimed that his trial counsel failed to inform him about his right to a direct appeal. Appellant's claim is not supported by the record. Appellant expressly waived his right to appeal the conviction in the guilty plea agreement, which appellant acknowledged

was read to him in Spanish. Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:    Hon. Douglas W. Herndon, District Judge
Luis Arnoldo Lopez
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk